Aaron L. Agenbroad (State Bar No. 242613)
Liat L. Yamini (State Bar No. 251238)
Allison E. Crow (State Bar No. 279078)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700
Email:         alagenbroad@JonesDay.com
Email:         lyamini@JonesDay.com
Email:         acrow@JonesDay.com

Attorneys for Defendant
CELLCO PARTNERSHIP d/b/a Verizon Wireless

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STILL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>VERIZON WIRELESS, and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | CASE NO. 1:15-CV-00368-WBS-JLT<br><br>**STIPULATION REGARDING CONFIDENTIAL INFORMATION AND [~~PROPOSED~~] ORDER THEREON**<br><br>(Doc. 21) |

Plaintiff Michael Still ("Plaintiff"), on the one hand, and Defendant Cellco Partnership d/b/a Verizon Wireless ("Cellco"), on the other hand, agree that disclosure and discovery in the above-captioned matter (the "Action") may require the production or disclosure of materials, documents or information for which special protection from public disclosure and from use for any purpose other than the prosecution and resolution of the Action would be warranted. The Plaintiff and Cellco (collectively referred to as the "Parties," and individually as a "Party") do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate confidentiality and privacy concerns. Accordingly, to protect such information from unauthorized disclosure outside of this Action, the Parties enter into the following Stipulation Regarding Confidential Information (the "Stipulation") and request that the Court order as follows:

  A.   The Stipulation and [Proposed] Order ("Order") will bind the Parties, and any other individual or entity that executes <u>Exhibit A</u>, during the Action and following the resolution of the Action.

  B.   The Parties have in their possession materials, documents and information containing confidential and/or proprietary information, which materials, documents and information either have been disclosed or may be disclosed in the course of the Action and for which confidentiality may be sought.

  C.   Materials, documents and information in the possession of the Parties may contain highly sensitive information that is confidential, proprietary, or private in nature, the unmanaged or unauthorized disclosure of which could harm the Parties. This Order will facilitate the sharing of relevant, yet confidential documents and information between and among the Parties and will promote fairness and efficiency with respect to the Action.

  D.   The purpose of this Order is to establish procedures for the designation and treatment of confidential materials, documents and information with respect to the Action and following the resolution of the Action.

**IT IS HEREBY STIPULATED THAT**:

1. This Order shall govern the use of all materials, documents and information, whether in hard copy, electronic or any other format, including copies, excerpts, reports, findings, summaries and analyses filed with the Court in the Action, produced in the Action by any Party or non-party in response to discovery and/or otherwise disclosed or made available by virtue of the litigation, including any materials, documents or information filed, produced, disclosed or otherwise made available in the Action prior to the execution of this Order and any material exchanged during mediation or settlement communications (collectively, "Discovery Material"). This Order is binding upon the Parties, including their respective attorneys, employees, and agents. Discovery Material shall be used by the Parties solely for purposes of the Action and for no other purpose.

2. The following procedures shall be used for the protection of the Parties against the improper use and/or disclosure of confidential Discovery Material.

3. For purposes of this Order, "CONFIDENTIAL" information shall, in the good faith belief of the Party so designating the information (the "Designating Party"), include all Discovery Material that is not generally available to the public, including material of a confidential, commercially sensitive, proprietary, financial or trade secret nature, design and manufacturing data, design concept and prototype development, or that involves or implicates constitutional privacy rights of persons or entities.

4. **INITIAL DESIGNATION**

    4.1   CONFIDENTIAL.  Any Party may designate Discovery Material as CONFIDENTIAL.  It is expected that disclosure of such information may have the effect of causing harm to the Designating Party and/or violating constitutional privacy rights of persons or entities.  By designating Discovery Material CONFIDENTIAL, the Designating Party is certifying to the Court that there is a good faith basis both in law and in fact for believing the Discovery Material constitutes or contains CONFIDENTIAL information.

    4.2  Additional Designation.  Any Party also may move or apply, on an *ex parte* basis or on shortened notice, for an order to supplement the foregoing category of CONFIDENTIAL information or to designate particular information not within the foregoing category as CONFIDENTIAL.

    4.3  Designation of Documents.  A Party producing, disclosing or otherwise making available documentary Discovery Material (apart from transcripts of depositions or other live testimony) that it believes in good faith constitutes or contains CONFIDENTIAL information shall so designate the documents by producing copies marked CONFIDENTIAL.  In addition, if a Party responding to a discovery request believes in good faith that its written response contains CONFIDENTIAL information, it shall set forth its response in a separate document that is so designated.  Non-designated discovery responses should make reference to the separately produced document containing the designated response(s), but such document should not be attached to non-designated responses.

    4.4  Designation of Other Material.  A Party producing, disclosing or otherwise making available non-documentary Discovery Material (other than live testimony), including electronic material or other oral communication, that it believes in good faith constitutes or contains CONFIDENTIAL information shall so designate the material by: (a) labeling the exterior of the container(s) in which the material is stored or the exterior of the electronic medium (i.e., a disk or hard drive) on which such information is contained as CONFIDENTIAL; or (b) if the material is an oral communication, by designating the specific information in the communication as CONFIDENTIAL by writing a letter to appropriately describe the communication and the designation requested by the party.  To the extent that a Party is not able to so label a container or other electronic medium, then the party may communicate the requested designation by writing a letter to appropriately describe the materials and the designation requested by the party.

    4.5  Designation of Testimony.  Live testimony taken at a deposition or conference or in a court proceeding, and any corresponding exhibits, may be designated by any

Party as constituting or containing CONFIDENTIAL information by: (i) making a statement on the record at the time of or immediately following the testimony that such testimony constitutes or contains CONFIDENTIAL information; or (ii) by written notice, sent to all Parties within thirty (30) days after receiving a copy of the transcript thereof, that such testimony (designated by page and line) constitutes or contains CONFIDENTIAL information.  If designated on the record, the transcript of the testimony shall be treated as if it were designated CONFIDENTIAL in its entirety for a period of thirty business (30) days after receiving a copy of the transcript, during which time counsel for the Designating Party must confirm by written notice, sent by counsel to all Parties, the specific portions of such testimony (designated by page and line) that constitute or contain CONFIDENTIAL information.  Thereafter, any portions of the transcript not specifically designated as CONFIDENTIAL may be disclosed.

　　　　4.6　　Multi-page Documents.  A Party may designate all pages of an integrated, multi-page document as CONFIDENTIAL by placing a label, pursuant to section 4.3 hereof, on the first page of the document and noting on the label that it applies to all pages.  If the Party wishes to designate only certain portions of an integrated, multi-page document, it should place a label on the first page of the document and on each subsequent page of the document containing CONFIDENTIAL information.

　　　　4.7　　General Provisions.  All reports, findings, summaries, and analyses containing or based, in whole or in part, on CONFIDENTIAL information shall be designated as CONFIDENTIAL.  Confidential treatment, including filing documents under seal pursuant to section 5.8 hereof, shall be afforded only that Discovery Material, or portions thereof, designated CONFIDENTIAL.  Parties and their counsel may publicly refer to non-designated portions, if any, in open court or in briefs without violating the terms of this Order, so long as such reference is only in connection with the Action.  To the extent the Parties or their counsel intend to refer to or disclose the contents of any Discovery Material that has been designated as CONFIDENTIAL in open court, the Parties and their counsel shall take all necessary precautions to ensure that the

information is not recorded in an unsealed public recording or otherwise disclosed to non-participants in the Action.

        4.8     Challenging Designations.  The Parties may challenge the designation of any Discovery Material as CONFIDENTIAL by notifying the opposing Party's counsel of such challenge in writing.  Such written notice must include the identity of the Discovery Material being challenged and the specific basis supporting the challenge.  Any such challenge must be made, if at all, within 45 days of any Party's designation of such Discovery Material, or within 45 days of the execution of this Stipulation, whichever is later.  Within 14 days of the receipt of any challenge, the Parties shall meet and confer in good faith to resolve the dispute over the designation.  If no resolution is reached, the Party seeking to retain the designation shall bear the burden of filing a motion with the Court to retain the designation.  The party seeking to retain the designation shall file such motion within 30 days of the date the Parties' meet and confer concluded.  The Discovery Material in question shall retain its original designation until such time as the Court rules on the motion brought by the Party.

## 5. DISCLOSURE OF CONFIDENTIAL INFORMATION

        5.1     Purpose for Disclosure.  CONFIDENTIAL information shall be used solely for purposes of the Action, except as otherwise provided herein, and shall not be used for any other purpose, including, by way of example only, business, proprietary or commercial purposes, or dissemination to any form of media.

        5.2     Authorized Disclosure.  Discovery Material designated CONFIDENTIAL may be produced, disclosed or otherwise made available only to the Parties and to the following qualified categories of individuals:

        5.2.1.    The present outside attorneys of record, and such attorneys' staff, for all non-Designating Parties and in-house counsel for the non-Designating Party;

          5.2.2.   Outside experts, consultants or mediators and their staff who are consulted by any Party or counsel for any Party, pursuant to section 5.5 hereof;

          5.2.3.   Trial or deposition witnesses, pursuant to section 5.5 hereof;

          5.2.4.   The Court and Court personnel in connection with the Action;

          5.2.5.   Persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel, pursuant to section 5.5 hereof; and

          5.2.6.   Any other person as to whom the Parties agree in writing.

     5.3     Disclosure pursuant to section 5.2 is authorized only to the extent necessary with respect to the Action.

     5.4     Following resolution of the Action, no disclosure is authorized without the prior, written consent of the Designating Party, except as provided for in section 5.7.

     5.5     Before any Discovery Material designated as CONFIDENTIAL may be produced, disclosed or otherwise made available to any qualified person identified in subsections 5.2.2, 5.2.3 and 5.2.5 hereof, that person shall be advised that the CONFIDENTIAL information is disclosed subject to this Order and may not be disclosed or used other than pursuant to the terms hereof, and that person must confirm his or her understanding of and agreement to be bound by the terms of the Order by executing a copy of Exhibit A, which executed copy shall be maintained by the counsel seeking to so disclose CONFIDENTIAL information, and a copy shall be provided to the Designating Party upon agreement of the Parties or Court order.

     5.6     Unauthorized Disclosure.  In the event of disclosure of CONFIDENTIAL information other than as authorized herein, counsel for the Party responsible for such disclosure shall notify all Parties of all pertinent facts within two (2) business days of discovery of such disclosure, and shall make every reasonable effort to prevent further disclosure, including attempting to retrieve all disclosed materials and copies thereof.  Upon motion, the Court may order such further and additional relief as it deems necessary and just.

      5.7      Required Disclosure.  If CONFIDENTIAL information in the possession, custody or control of a Party other than the Designating Party is sought by a non-party by way of subpoena, discovery request or other compulsive process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by subpoena, discovery request or other process, including private parties, the Party to whom the subpoena, discovery request or other process is directed shall: (i) give written and telephonic notice of such process, together with a copy of such process, to counsel for the Designating Party within two (2) business days of such request; and (ii) not produce, disclose or otherwise make available any Discovery Material earlier than the noticed date of production, so as to provide the Designating Party an opportunity to obtain appropriate judicial relief.  The Party seeking to protect from disclosure the CONFIDENTIAL information shall bear all burden and expense of attempting to obtain judicial relief.

      5.8      Court Filings and Trial.  Any Party seeking to file with the Court or use at trial CONFIDENTIAL information must notify the Designating Party of its intent to use the CONFIDENTIAL information.  The parties agree to meet and confer with regard to whether the CONFIDENTIAL information may be filed with the Court or used at trial without filing under seal or otherwise retain its confidential status.  If the parties have not reached agreement within ten (10) business days regarding such matter, the Designating Party has thirty (30) days to file a motion or application with the Court to maintain the confidentiality of such information.  The Parties agree that such application or motion may be heard on shortened notice.  ~~Pending the outcome of any such application or motion, any such records may only be filed "conditionally under seal" until such time as the motion is heard.  A copy of this Order shall be submitted with the motion or application.~~  **Any motion to file documents under seal SHALL comply with Local Rule 141.**  A Court order declining to accept CONFIDENTIAL information under seal shall not prejudice a Party's ability to use such materials or information in support of a motion or application before the Court.  Should the need arise during any hearing before the Court for a

7      PROTECTIVE ORDER
1:15-CV-00368-WBS-JLT

Party to disclose CONFIDENTIAL information, it may do so only *in camera* or after other appropriate safeguards are provided by the Court.

6. This Order shall be without prejudice to the right of any Party: (i) to request de-designation of Discovery Material as CONFIDENTIAL; (ii) to request the Court's ruling as to whether Discovery Material contains or constitutes CONFIDENTIAL information, or whether its use should be restricted; or (iii) to present a motion for a separate protective order as to any Discovery Material, including restrictions differing from those specified herein. The Order also shall not prejudice the Parties in any way in any future application for modification of the Order.

7. If a Party inadvertently fails to designate Discovery Material as CONFIDENTIAL, the Party may subsequently do so in writing after production or other disclosure within two (2) business days from discovery of the inadvertent production or other disclosure and the material shall be deemed CONFIDENTIAL from the date of designation. In such cases, counsel for the Party having produced or otherwise disclosed the Discovery Material prior to designation shall make all reasonable efforts to retrieve the original and all copies of such material produced or otherwise disclosed, in whole or in part, to any person or entity not qualified, pursuant to the Order, to receive CONFIDENTIAL information.

8. Notwithstanding any provision herein to the contrary, this Order has no effect upon, and shall not apply to, a Party's use of its own CONFIDENTIAL information.

9. Third-party witnesses and other non-parties may avail themselves of the procedures herein regarding access to Discovery Material they created, produced, disclosed or otherwise made available that subsequently is designated CONFIDENTIAL by executing Exhibit A.

10. In the event a new party joins or is joined in this Action, that new party and its counsel shall not have access to CONFIDENTIAL information until it has executed <u>Exhibit A</u>.

11. This Order is intended solely to facilitate the litigation and possible resolution of the Action, and shall not:

11.1    Operate as an admission by any Party that any designated material actually constitutes or contains any confidential or proprietary information in contemplation of law;

11.2    Operate as an admission by any Party that the restrictions and processes set forth herein constitute adequate protection for any particular information designated as CONFIDENTIAL; provided, however, no interpretation of this provision shall render the protections afforded by other provisions of this Order meaningless or inapplicable;

11.3    Operate as a waiver of any attorney-client privilege or work product or other protection or privilege, or operate as waiver of the right to protect the inadvertent disclosure of information that is attorney-client privileged or protected under the work product doctrine or other protection or privilege;

11.4    Prejudice in any way the rights of any Party to object to the production of Discovery Material they consider not subject to discovery;

11.5    Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of Discovery Material;

11.6    Prejudice in any way the rights of any Party to request that particular CONFIDENTIAL information be treated more restrictively than otherwise provided for herein and, absent agreement of the Parties, to petition the Court for a further protective order relating to any such CONFIDENTIAL information;

11.7    Prejudice in any way the rights of any Party to seek a Court determination as to whether Discovery Material should be subject to the terms of this Order; or

11.8    Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Discovery Material.

12.    Any document or information designated as CONFIDENTIAL may be relieved from the restrictions of this Order by further order of the Court or, alternatively, by written agreement of the Parties.

13.    At the conclusion of the Action, the Order and all of its terms and conditions remain in full force and effect.  Within sixty (60) days after receiving notice of the entry of an

order, judgment or decree finally disposing of the Action and all related proceedings in which CONFIDENTIAL information has been produced, disclosed or otherwise made available, all Parties and counsel having received such material shall either: (a) return all CONFIDENTIAL information to the Designating Party; or (b) destroy all CONFIDENTIAL information and prepare a certificate of destruction, verifying such destruction, and provide it to the Designating Party.  The Parties and their counsel shall be entitled to retain non-designated portions of Discovery Material, provided they comply with the terms of the Order at all times.

   14. The Order need not be signed and entered by the Court in order to be effective; the Order shall be effective from the date executed by the undersigned counsel.

///
///
///
///
///
///

**IT IS SO STIPULATED.**

Dated: October 14, 2015                    JOSEPH FARZAM LAW FIRM


By: /s/ Nazo Koulloukian (as authorized 10/14/15)
    Nazo Koulloukian

Attorneys for Plaintiff
MICHAEL STILL

Dated: October 15, 2015                    JONES DAY


By: /s/ Aaron L. Agenbroad
    Aaron L. Agenbroad

Attorneys for Defendant
CELLCO PARTNERSHIP d/b/a Verizon Wireless

## **ORDER**

Good cause appearing therefore, subject to any amendments made by this Court in paragraph 5.8, the Court **GRANTS** the stipulated protective order.

IT IS SO ORDERED.

Dated:   **October 26, 2015**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name], hereby acknowledges that he or she has received a copy of the Stipulation Regarding Confidential Information and Order Thereon entered in connection with the action pending in the United States District Court for the Eastern District of California, Case No. 1:15-CV-00368-WBS-JLT, entitled *Michael Still v. Cellco Partnership*, has read it, understands the limitations it imposes on the use and disclosure of materials, documents or information designated as "CONFIDENTIAL," and agrees to be bound by all of its provisions.

The undersigned understands that all "CONFIDENTIAL" information as defined in this Order, including but not limited to all copies thereof or notes made therefrom, shall be maintained in a secure manner and shall be returned no later than 60 days after the termination of this action to the counsel of record for Plaintiffs or destroyed.

Dated: _____          Name: _____

                                                                          Signature: _____

                                                                          Address: _____

                                                                                                     _____

                                                                           Phone: _____

NAI-1500391637v2